```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW HAMPSHIRE
```

**Caroline Nord**

    **v.**                        **Civil No. 08-cv-143-JL**

**Shaun J. O'Keefe**

## NOTICE OF MEDIATION

The above matter has been referred to the District Judge for mediation. The mediation will be held on **Friday, August 8, 2008** at **10:00 a.m.** at the Warren B. Rudman United States Courthouse, 55 Pleasant Street, Concord, New Hampshire. **THE ATTORNEYS WHO WILL BE LEAD COUNSEL DURING THE TRIAL OF THE CASE SHALL APPEAR AT THE MEDIATION WITH THE PARTIES AND WITH THE PERSON OR PERSONS HAVING FULL AUTHORITY TO NEGOTIATE AND TO SETTLE THE CASE ON ANY TERMS.**

At least five (5) calendar days before the mediation the parties shall exchange, and deliver to the district judge, a Mediation Conference Statement, limited to ten (10) pages, which should not be filed with the Clerk of Court.

The Mediation Conference Statement shall include the following:

1. A brief statement of the facts of the case, and of the claims and defenses, i.e., the statutory or other grounds upon

which the claims are founded.  This statement should identify the major factual and legal issues in dispute.

    2.   An itemized statement of the damages claimed and of any other relief sought.

    3.   A summary of the proceedings to date.

    4.   A history of past settlement discussions, offers and demands.  If no discussions have taken place, the mediator directs the attorneys to discuss settlement, and exchange demands and offers <u>prior</u> to the mediation conference.

The parties shall also prepare a Mediation Conference Statement Confidential Addendum, limited to two pages, which shall be delivered directly to the district judge only, along with the Mediation Conference Statement.  The Confidential Addendum shall not be filed with the Court or served upon the other parties.  The Confidential Addendum shall contain:

    1.   A forthright evaluation of the party's likelihood of prevailing on each of its claims and/or defenses.

    2.   The attorney's fees, time and costs expended to date, and an estimate of the fees, time and costs to be expended for further discovery, pretrial and trial.

    3.   The party's evaluation of the terms on which the case could be settled fairly.

At the mediation, the parties, by counsel, shall give a brief (10-15 minute) presentation outlining the factual and legal highlights of their case.  Then separate, confidential caucuses will be held with each party and the party's representative(s).  Attached is an outline for counsel to review with the parties prior to the mediation to make the best use of the time allotted.

**ANY FAILURE OF THE TRIAL ATTORNEYS, PARTIES OR PERSONS WITH AUTHORITY TO ATTEND THE MEDIATION OR TO PARTICIPATE IN GOOD FAITH MAY RESULT IN SANCTIONS (TO INCLUDE THE FEES AND COSTS EXPENDED BY THE OTHER PARTIES IN PREPARING FOR AND ATTENDING THE MEDIATION).  FAILURE TO TIMELY DELIVER A MEDIATION CONFERENCE STATEMENT AND CONFIDENTIAL ADDENDUM MAY ALSO RESULT IN REFERRAL TO A JUDICIAL OFFICER FOR SANCTIONS.**

**SO ORDERED.**

_____
Joseph N. Laplante
U.S. District Judge

Date:   July 29, 2008

cc:     Brian Robert Marsicovetere, Esq.
        Charles P. Bauer, Esq.

**MEDIATION CONFERENCE PREPARATION OUTLINE**
**UNITED STATES DISTRICT JUDGE JOSEPH N. LAPLANTE**

    Experience shows that in negotiations the party who is best prepared usually obtains the most satisfactory result.  Mediation conferences can be conducted more efficiently if all parties and counsel are prepared.  The following are some areas to consider in order to increase the effectiveness of your mediation conference.

A.    **FORMAT**

    1.    Parties with ultimate settlement authority must be personally present.

    2.    The court will use a mediation format, including private caucusing with each side; the judge may address your client directly.

B.    **ISSUES**

    1.    What issues (in and outside of this lawsuit) need to be resolved?

    2.    What are the strengths and weaknesses of each issue?  What is your most persuasive argument?  What is your opponent's most persuasive argument?

    3.    What remedies are available?

    4.    Is there any ancillary litigation pending/planned which affects case value?

    5.    Do you have enough information to value the case?  If not, how are you going to get more information before the mediation conference?

      6.        Do attorney's fees, other expenses, or liens affect settlement?  Have you communicated this to the other side?  Why not?

C. **AUTHORITY**

      1.        Are there outstanding liens?  Have you verified amounts and whether they are negotiable?  Do we need to include a representative of the lien holder?  If so, contact the court immediately.

      2.        Is there valid insurance coverage?  In what amount?  If coverage is at issue, or the amount/type affects settlement value, have you notified the other side?  Do we need to include the representative from more than one company/carrier?  If so, notify the court immediately.

D. **NEGOTIATIONS**

      1.        Where did your last discussion end?  Are you sure?

      2.        Should you have any discussions before the mediation conference to make it proceed more efficiently?

      3.        What value do you want to start with?  Why?  Have you discussed this with your client?

      4.        What value do you want to end with?  Why?  Have you discussed this with your client?  Is it significantly different from values you have placed on this case at other times?  How do you explain to the other party the change in value?

      5.      Is there confidential information which affects case value?  Why can't/won't/ shouldn't it be discussed?  How can the other side be persuaded to change value if it doesn't have this information?

      6.      What happens if you don't settle the case at the mediation conference?  What is your best alternative to a negotiated settlement?  Why?

      7.      What are the transactional costs to continue this litigation?

E.    **CLOSING**

      1.      If settlement is reached, do you want it on the record?

      2.      Have you discussed settlement formats with your client?  Does the client understand structured settlements, annuities, Rule 68 offers of judgment?

      3.      How soon could checks/closing documents be received?

      4.      If settlement is not reached, and further discovery is needed, what is your plan for continued settlement discussions?  Do you want court involvement in these talks?